# EXHIBIT 1

 CT Corporation

**Service of Process Transmittal**
12/04/2020
CT Log Number 538698823

| | |
|---|---|
| **TO:** | Kim Lundy Service Of Process<br>Walmart Inc.<br>702 SW 8TH ST<br>BENTONVILLE, AR 72716-6209 |
| **RE:** | **Process Served in Texas** |
| **FOR:** | Wal-Mart Associates, Inc. (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Mendiola Lazaro, Pltf. vs. Wal-Mart Associates, Inc, etc., Dft.<br>*Name discrepancy noted*. |
| **DOCUMENT(S) SERVED:** | Letter, Citation, Attachment(s), Petition |
| **COURT/AGENCY:** | County Court at Law No. 8 Hidalgo County, TX<br>Case # CL204222H |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 11/26/2019 - 1006 N Bryan Road, Mission Hidalgo County, Texas 78572 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 12/04/2020 postmarked on 12/01/2020 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after service |
| **ATTORNEY(S) / SENDER(S):** | Christopher Ray Sanchez<br>Law Offices of Chris Sanchez, P.C.<br>104 S 23rd Street<br>McAllen, TX 78501<br>956-686-4357 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/05/2020, Expected Purge Date: 12/10/2020<br><br>Image SOP<br><br>Email Notification, Kim Lundy Service Of Process ctlawsuits@walmartlegal.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Page 1 of 1 / DP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**CERTIFIED MAIL**

RETURN SERVICE

FIRST-CLASS MAIL
neopost
12/01/2020
US POSTAGE $006.05

ZIP 78701
041L12204064



Secretary of State
Service of Process
P.O. Box 12079
Austin, Texas 78711-2079



7190 1046 4701 0124 7046

**Return Receipt (Electronic)**

2021323156-1

Wal-Mart Assoicates, Inc.
CT Corporation System, registered agent
1999 Bryan Suite 900
Dallas, TX 75201

---

CUT / FOLD HERE

# The State of Texas



Service of Process
P.O. Box 12079
Austin, Texas 78711-2079

Phone: 512-463-5560
Fax: 512-463-0873
Dial 7-1-1 For Relay Services
www.sos.texas.gov

## Ruth R. Hughs
### Secretary of State

December 1, 2020

Wal-Mart Assoicates, Inc.
CT Corporation System, registered agent
1999 Bryan Suite 900
Dallas, TX 75201

**2021-323156-1**

**Include reference number in all correspondence**

RE:   Lazaro Mendiola vs Wal-Mart Associates, Inc.
      139th Judicial District Court Of Hidalgo County, Texas
      Cause No. CL204222H

Dear Sir/Madam,

Pursuant to the Laws of Texas, we forward herewith by CERTIFIED MAIL, return receipt requested, a copy of the process received by the Secretary of State of the State of Texas on November 23, 2020.

CERTIFIED MAIL #71901046470101247046

Refer correspondence to:

Chris Sanchez
Law Office of Chris Sanchez PC
104 S. 23rd Street
McAllen, TX 78501

Sincerely,

Service of Process
Government Filings
512-463-1662
GF/mo
Enclosure

Electronically Subr
11/19/2020 10:4
Hidalgo County
Accepted by: Aurelio Ale

CAUSE NO. CL-20-4222-H

THE STATE OF TEXAS
COUNTY OF HIDALGO

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

To: WAL-MART ASSOCIATES, INC.
MAY BE SERVED THROUGH ITS REGISTERED AGENT
CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900 DALLAS TX 75201

GREETINGS: You are commanded to appear by filing a written answer to the Plaintiff's petition at or before 10 o'clock A.M. on or before the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable County Court At Law #8 of Hidalgo County, Texas, by and through the Hidalgo County Clerk at 100 N. Closner, First Floor, Edinburg, Texas 78539.

Said Plaintiff's Petition was filed in said Court, on the 17th day of November, 2020 in this Cause Numbered CL-20-4222-H on the docket of said Court, and styled,

**LAZARO MENDIOLA**
vs.
**WAL-MART ASSOCIATES, INC.**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition With Discovery Request accompanying this Citation and made a part hereof.

NAME & ADDRESS OF ATTORNEY FOR PLAINTIFF:
CHRISTOPHER RAY SANCHEZ
104 S 23RD STREET
MCALLEN TX 78501

The officer executing this citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Edinburg, Texas this 19th day of November, 2020.

ARTURO GUAJARDO, JR.
COUNTY CLERK, HIDALGO COUNTY, TEXAS
100 N. CLOSNER
EDINBURG, TEXAS 78539
COUNTY COURT AT LAW #8

BY _____ DEPUTY
AURELIO ALEMAN

RECEIVED
SECRETARY OF STATE
NOV 2 3 2020
Service of Process

323156

Electronically Subn
11/19/2020 10:4
Hidalgo County
Accepted by: Aurelio Ale

SHERIFF'S/CONSTABLE'S/CIVIL PROCESS

SHERIFF'S RETURN
    Came to hand on the _____ day of _____, 20 ____, at _____ o'clock _____ M., by Deputy (Sheriff/Constable)/Civil Process Server and to-wit the following:

DEFENDANT SERVED

    Service was EXECUTED on the above referenced Defendant, in person, in Hidalgo County, Texas and served with a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Petition, at the following
Date, time, and place, to-wit:

    NAME _____ DATE _____ TIME _____ PLACE _____

By: _____  By: _____
      CIVIL PROCESS SERVER                DEPUTY SHERIFF/CONSTABLE

**DEFENDANT NOT SERVED**
    Service was ATTEMPTED at the above address on the above referenced Defendant on the following date(s) and time(s), but to no avail:

    NAME _____ DATE _____ TIME _____ PLACE _____

    NAME _____ DATE _____ TIME _____ PLACE _____

    NAME _____ DATE _____ TIME _____ PLACE _____

By: _____  By: _____
      CIVIL PROCESS SERVER                DEPUTY SHERIFF/CONSTABLE

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF,
CONSTABLE OR CLERK OF THE COURT**

In accordance to rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and my address is

_____. I declare under penalty of perjury that the foregoing is true and correct

EXECUTED in _____ County, state of Texas, on the ___ day of _____, 20____.


_____
DECLARANT


_____
If Certified by the Supreme Court of Texas
Date of Expiration /SCH Number

Case 7:21-cv-00086 Document 1-2 Filed on 03/08/21 in TXSD Page 8 of 19

Electronically Submitted
9/17/2020 9:59 AM
Hidalgo County Clerk
Accepted by: Daniela Blanco

CL-20-4222-H

CAUSE NUMBER: _____

| | | |
|---|---|---|
| LAZARO MENDIOLA | § | IN THE COUNTY COURT |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | AT LAW _____ |
| WAL-MART ASSOCIATES, INC | § | |
| D/B/A WAL-MART NEIGHBORHOOD | § | |
| MARKET | § | |
| Defendant | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION WITH DISCOVERY REQUEST

### TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff LAZARO MENDIOLA, and files this, his Plaintiff's Original Petition, complaining of and about Defendant WAL-MART ASSOCIATES, INC D/B/A WAL-MART NEIGHBORHOOD MARKET, and for cause of action would respectfully show the Court and Jury the following:

### DISCOVERY CONTROL PLAN LEVEL

Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

Plaintiff, Lazaro Mendiola, is an Individual whose address is 922 Matamoros Street, Mission, Hidalgo County, Texas.

Defendant, Wal-Mart Associates, Inc d/b/a Wal-Mart Neighborhood Market is a Texas corporation whose registered office is 1999 Bryan Street, Suite 900, Dallas, Dallas County, Texas 75201, may be served with process by serving its registered agent for service of process C T Corporation System at 1999 Bryan Street, Suite 900, Dallas, Dallas County, Texas 75201. Service of said Defendant as described above can be effectuated by the Texas Secretary of State.

### JURISDICTION AND VENUE

The subject matter in controversy is within the jurisdictional limits of this court.

This court has jurisdiction over the parties because the Defendant's corporation conducts business in Texas, therefore, Defendant can sue and be sued in Texas.

Case 7:21-cv-00086 Document 1-2 Filed on 03/08/21 in TXSD Page 9 of 19

Electronically Submitted
10/17/2020 9:59 AM
Hidalgo County Clerk
Accepted by: Daniela Blanco

CL-20-4222-H

Venue in Hidalgo County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Hidalgo County, Texas.

## FACTS

On November 26, 2019, at Wal-Mart Neighborhood Market, located on 1006 N Bryan Road, Mission Hidalgo County, Texas 78572, Plaintiff Lazaro Mendiola violently tripped and fell with a curb located in the center of a parking lot on Defendant Wal-Mart Associates, Inc d/b/a Wal-Mart Neighborhood Market's premises, resulting in serious bodily injuries to Plaintiff. Plaintiff Lazaro Mendiola tripped and fell due to a problematic and dangerous parking lot floor and this was Defendant Wal-Mart, Inc d/b/a Wal-Mart Neighborhood Market's negligence, which caused Plaintiff to trip and fall, and Defendant's negligence was the cause-in-fact and proximate cause of the Plaintiff's damages—medical bills and expenses.

## PREMISES LIABILITY OF DEFENDANT WAL-MART ASSOCIATES, INC D/B/A WAL-MART NEIGHBORHOOD MARKET

At all times material hereto, Defendant was the possessor in control of the premises located at 1006 N Bryan Road, Mission Hidalgo County, Texas 78572.

Plaintiff entered Defendant's premises with Defendant's knowledge and for their mutual benefit. Plaintiff, Lazaro Mendiola entered upon said premises for the purpose of shopping for "household goods" and/or groceries. He entered on the said property of Defendant at the invitation of Defendant to engage in the act of shopping for "household goods "and/or other groceries.

A condition on Defendant's premises posed an unreasonable risk of harm. During the time that Plaintiff was upon Defendant's property, Plaintiff was seriously injured as a result of a dangerous condition in that Defendant permitted the area where Plaintiff fell to become dangerous by having the floor in an unsafe condition with a curb located in the center of a parking lot on Defendant's premises. Plaintiff was walking on Defendant's premises, when suddenly and without warning Plaintiff tripped and fell on a curb located in the center of a parking lot on the premises; Plaintiff fell forward causing him to land on his knees and ankle as a result of the unsafe condition.

Defendant, Defendant's agents, servants, and employees negligently permitted the area where Plaintiff fell to become dangerous by failing to correct or remove a curb located in the center of a parking lot on Defendant's premises, negligently or willfully allowed such condition to continue and negligently or willfully failed to warn Plaintiff of the condition of the floor. This condition existed despite the fact that Defendant or Defendant's agents knew or should have known of the existence of the aforementioned condition and that there was likelihood of a person being injured as occurred to Plaintiff.

Furthermore, Plaintiff would show the court that the condition of the floor had continued for such period that had Defendant or Defendant's agents exercised ordinary care in the

Electronically Submitted
12/17/2020 9:59 AM
Hidalgo County Clerk
Accepted by: Daniela Blanco

CL-20-4222-H

maintenance of the area, it would have been noticed and corrected or removed by such persons.

At all times pertinent herein, Defendant, and any of Defendant's agents, who were acting in the scope of their employment, were guilty of negligent conduct toward the Plaintiff in:

A. Failing to correct or remove the curb located in the center of a parking lot on Defendant's premises;
B. Failing to properly inspect and maintain the flooring area in question to discover the dangerous condition;
C. Failing to discover and remove the curb located in the center of a parking lot on Defendant's premises; within a reasonable time;
D. Failing to maintain the floor in a reasonably safe condition;
E. Failing to give warnings to Plaintiff of the unsafe condition; and
F. Failing to give adequate and understandable warnings to Plaintiff of the unsafe condition of the flooring area.

## PROXIMATE CAUSE

Each and every, all and singular of the foregoing acts and omissions, on the part of Defendant, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## EXEMPLARY DAMAGES

Defendants acts or omissions described above, when viewed from the standpoint of Defendant Wal-Mart Associates, Inc d/b/a Wal-Mart Neighborhood Market at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendant Wal-Mart Associates, Inc d/b/a Wal-Mart Neighborhood Market had actual subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, and/or welfare of Plaintiff and others.

## DAMAGES FOR PLAINTIFF

As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendant's acts as described herein, Plaintiff was caused to suffer serious injuries, and to endure anxiety, pain, and discomfort resulting in damages more fully set forth below.

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff has incurred the following damages:

A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Hidalgo County, Texas;

Case 7:21-cv-00086   Document 1-2   Filed on 03/08/21 in TXSD   Page 11 of 19

Electronically Submitted
11/17/2020 9:59 AM
Hidalgo County Clerk
Accepted by: Daniela Blanco

CL-20-4222-H

B.   Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

C.   Physical pain and suffering in the past;

D.   Mental anguish in the past;

E.   Physical pain and suffering in the future;

F.   Mental anguish in the future;
G.   Physical impairment in the past;

H.   Physical impairment which, in all reasonable probability, will be suffered in the future;

I.   Loss of Consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

J.   Loss of Consortium in the future including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

K.   Loss of Household Services in the past;

L.   Loss of Household Services in the future;

M.   Disfigurement in the past; and

N.   Disfigurement in the future.

By reason of the above damages, Plaintiff Lazaro Mendiola has been damaged in an amount in excess of the minimal jurisdictional limits of this Court. Plaintiff seeks monetary relief of **$74,999.99 (seventy-four thousand nine hundred and ninety nine dollars and ninety-nine cents)** unless so found by a jury of their peers, exclusive of statutory damages, pre- and post-judgment interest, costs of Court, attorney fees, as well as any other relief Plaintiff may be entitled to at law or in equity.

## REQUEST FOR DISCLOSURE

Pursuant to Rule 194, Defendant is requested to disclose, within 50 days of service of this request, the information or materials described in Rule 194.2 (a) – (l).

## DISCOVERY REQUEST

Plaintiff serves these Interrogatories, Requests for Production, and Request for

Case 7:21-cv-00086 Document 1-2 Filed on 03/08/21 in TXSD Page 12 of 19

Electronically Submitted
10/17/2020 9:59 AM
Hidalgo County Clerk
Accepted by: Daniela Blanco

CL-20-4222-H

Admissions on Defendant, as allowed by Texas Rule of Civil Procedure 196-198. Within 50 days after service Defendant must:

a) answer each interrogatory separately, fully, in writing, and under oath;
b) produce all requested documents (as they are kept in the ordinary course of business or organized and labeled to correspond with categories in each request) for inspection and copying at the office of the undersigned attorney; and
c) admit or deny each request for admission.

## INSTRUCTIONS

For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence or when it could no longer be located, and give the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located.

## DEFINITIONS FOR ALL REQUESTS AND INTERROGATORIES

1. "Plaintiff" or "Defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party, and when applicable, the party's agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with the party or under the party's control, whether directly or indirectly, including any attorney.

2. "You" or "your" means the named Defendant, his/her/its successors, predecessors, divisions, subsidiaries, present or former officers, agents, employees, and all other persons acting on behalf of Defendant or his/her/its successors, predecessors, divisions, and subsidiaries.

3. "Document" means all written, typed, or printed matter and all magnetic, electronic, or other records or documentation of any kind or description in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you, the constitute or contain matters relevant to the subject matter of the action. "Document" includes, but is not limited to, the following: letters, reports, charts, diagrams, correspondence, telegrams, memoranda, notes, records, minutes, contracts, bills of sale, agreements, records or notations of telephone or personal conversations or conferences, interoffice communications, e-mail, microfilm, bulletins, circulars, pamphlets, photographs, faxes, invoices, tape recordings, computer printouts, drafts, résumés, logs, worksheets and employment verifications.

4. "Electronic or magnetic data" means electronic information that is stored in a medium from which it can be retrieved and examined. The term refers to the original (or identical duplicate when the original is not available) and any other copies of the data that may

Case 7:21-cv-00086 Document 1-2 Filed on 03/08/21 in TXSD Page 13 of 19

Electronically Submitted
10/7/2020 9:59 AM
Hidalgo County Clerk
Accepted by: Daniela Blanco

CL-20-4222-H

have attached comments, notes, marks, or highlighting of any kind. Electronic or magnetic data includes, but is not limited to, the following: computer programs; operating systems; computer activity logs, programming notes or instructions, e-mail receipts, messages, or transmissions; output resulting from the use of any software program, including word-processing documents, spreadsheets, database files, charts, graphs, and outlines; metadata; PIF and PDF files; batch files; deleted files; temporary files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies, and any miscellaneous files or file fragments. Electronic or magnetic data includes any items stored on magnetic, optical, digital, or other electronic-storage media, such as hard drives, floppy disks, CD-ROMs, DVDs, tapes, smart cards, integrated-circuit cards (e.g., SIM cards), removable media, (e.g., Zip drives, Jaz cartridges, USB drives), microfiche and punched cards. Electronic or magnetic data also includes the file, folder, tabs, containers, and labels attached to or associated with any physical storage device with each original copy.

5. "Possession, custody, or control" of an item means that the person either has a physical possession of the item or has a right to possession equal or superior to that of the person who has physical possession of the item.

6. "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

7. "Mobile device" means any cellular telephone, satellite telephone, pager, personal digital assistant, handheld computer, electronic rolodex, walkie-talkie, or any combination of these devices.

8. "Identify" or "describe," when referring to a person, means you must state the following:

   a) The full name.
   b) The present or last known residential address and residential telephone number.
   c) The present or last known office address and office telephone number.
   d) The occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular interrogatory.
   e) In the case of any entity, identify the officer, employee, or agent most closely connected with the subject matter of the interrogatory and the officer who is responsible for supervising that officer or employee.

9. "Identify" or "describe," when referring to a document, means you must state the following:

   a) The nature of the document (e.g., letter, handwritten note).
   b) The title or heading that appears on the document.
   c) The date of the document and the date of each addendum, supplement, or

Electronically Submitted
11/17/2020 9:59 AM
Hidalgo County Clerk
Accepted by: Daniela Blanco

CL-20-4222-H

other addition or charge.
d) The identities of the author, signer of the document, and person on whose behalf or at whose request or direction the document was prepared or delivered.
e) The present location of the document and the name, address, position or title, and telephone number of the person or persons having custody of the document.

10. The terms "Occurrence", "Incident," and "Accident" each refer to the trip and fall identified in the FACTS section, above, on the date identified.

## FIRST SET OF INTERROGATORIES

**INTERROGATORY NUMBER 1:** Please identify yourself, stating your full name, residential and business addresses, telephone number, and occupation, and if Defendant is a corporation, please state the office you hold with Defendant.

**INTERROGATORY NUMBER 2:** Was the Defendant in control of the area where the incident made the basis of this suit is alleged to have occurred at the time the alleged occurrence happened? If not, please state the name and address of the entity that was in control of the premises where the incident is alleged to have occurred at the time the alleged occurrence happened.

**INTERROGATORY NUMBER 3:** Please describe how the Plaintiff's alleged occurrence happened, giving all events in detail in the order in which they occurred, before, at the time of, or after the occurrence, which had any bearing on the cause and manner of the happening of the occurrence.

**INTERROGATORY NUMBER 4:** Please give the following information with regards to the most recent examination or inspection of the area where the Plaintiff's alleged occurrence happened in the seventy-two hours prior to the happening of the occurrence:

(a) the date and time of day of the examination or inspection;
(b) the identification, including the name and address, for the person or persons making the examination or inspection;
(c) in complete detail, what the examination or inspection consisted of;
(d) in complete detail, what the examination or inspection revealed showed; and
(e) in compete detail, each and every act or activity done or undertaken by you or any agent or employee of the Defendant as a result of any condition or circumstance disclosed by the examination or inspection.

**INTERROGATORY NUMBER 5:** Please state what precautions, if any, where taken by you, or any agent or employee of the Defendant, prior to Plaintiff's alleged occurrence to prevent injuries to persons such as Plaintiff while on the premises.

**INTERROGATORY NUMBER 6:** Prior to the alleged occurrence, please explain

Case 7:21-cv-00086 Document 1-2 Filed on 03/08/21 in TXSD Page 15 of 19

Electronically Submitted
10/7/2020 9:59 AM
Hidalgo County Clerk
Accepted by: Daniela Blanco

CL-20-4222-H

what notice, if any, you had of the condition that is alleged to have caused the incident made the basis of this lawsuit.

**INTERROGATORY NUMBER 7:** Please state in detail what Defendant's policies and procedures are that its agents, employees, or representatives are to follow when they discover a condition on the premises that could give rise to injury.

**INTERROGATORY NUMBER 8:** If you have had any other incidents prior to the incident made the basis of this lawsuit that are substantially similar and occurred at the same or similar location where the incident made the basis of this suit occurred, please provide details of those incidents, identify any document and photographs that reflect such incidents, and identify witnesses and parties to these other incidents.

**INTERROGATORY NUMBER 9:** Is it your usual custom and procedure to investigate incidents where someone suggests or claims to have suffered an incident or injury on your premises? If so, please describe that custom and procedure generally, and identify how that procedure was employed and how it relates to the incident made the basis of this lawsuit.

**INTERROGATORY NUMBER 10:** Did Defendant conduct an investigation of the incident that forms the basis of this suit?

## REQUESTS FOR PRODUCTION

**PRODUCE ALL OF THE FOLLOWING:**

1. Any contract between the owner and the manager or managing firm at the time of the plaintiff's injury, and for the year immediately preceding Plaintiff's injury.

2. Any rules, management guidelines, operating guidelines, or other similar writing or document that purports to show operating procedures for the management, care, maintenance, repair, and service of the premises in question.

3. Contracts between the owner and any maintenance and/or repair service in effect at the time of Plaintiff's injury.

4. A copy of any legal documents that document Defendant's status as a corporation, partnership, sole proprietorship, or joint venture.

5. Any contract between the owner and any person or entity responsible for caring for the premises at the time of Plaintiff's injuries.

6. Any joint venture agreement between the parties or between any party to this suit and any nonparty regarding the ownership, operation, repair, maintenance, advertising, security, or other service of or for the premises in question.

Case 7:21-cv-00086   Document 1-2   Filed on 03/08/21 in TXSD   Page 16 of 19

Electronically Submitted
10/7/2020 9:59 AM
Hidalgo County Clerk
Accepted by: Daniela Blanco

CL-20-4222-H

7. Any indemnity agreement between any of the parties to this case.

8. Any indemnity agreement between any party to this case and nonparty which is relevant to the accident and injuries made the basis of this suit.

9. Any rules, management guidelines, operating guidelines, or other similar writing or document that purports to show operating procedures for the management, care, maintenance, repair, and service of the premises in question.

10. Any and all photographs that defendant has of the scene of accident or the resulting injuries to Plaintiff.

11. Copies of any and all statements previously made by Plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the Plaintiff hereto and any stenographic, mechanical, electrical, or other type of recording or any transcription thereof made by Plaintiff hereto and contemporaneously recorded.

12. Any and all drawings, maps, or sketches of the scene of the accident that has been made the basis of this lawsuit.

13. A copy of any surveillance movies or photographs that have been made of Plaintiff.

14. Any police report or other report of investigation of any governmental agency or private organization relating to the occurrence in question.

15. Any documents, reports, or other written records pertaining to any investigation pertaining to the incident made the basis of this lawsuit that is not privileged at law.

16. Any and all books, documents, photographs, or other tangible things that may be used at the time of trial, which may have a bearing on this cause of action.

17. The architectural plans and drawings for the premises in question, specifically with respect to the location where Plaintiff was injured.

18. All documents or tangible things prepared by any expert whom you expect to call as a witness, including, but not limited to, those that would include the experts reports, factual observations, opinions, conclusions, photographs, field notes, calculations, models, and exhibits.

19. Any treatises or authoritative literature upon which any expert intends to rely in his or her testimony in this case.

20. Copies of reports of all similar accidents prepared by any and all employees of the premises in question from Wal-Mart Associates, Inc d/b/a Wal-Mart Neighborhood Market, up to and through the present.

Case 7:21-cv-00086 Document 1-2 Filed on 03/08/21 in TXSD Page 17 of 19

Electronically Submitted
11/17/2020 9:59 AM
Hidalgo County Clerk
Accepted by: Daniela Blanco

CL-20-4222-H

21. Any and all settlement agreements wherein you have arrived at a settlement or agreement between you and other person, regardless of whether a party to this lawsuit, regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting therefrom.

22. Any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment that may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

23. Any and all work papers, notes, and documents in the field of any expert witness who is expected to testify, or in the file of any expert witness who has written a report that is or will be relied upon in whole or in part by a testifying expert.

24. All materials including, but not limited to, employee manuals, memoranda, and correspondence pertaining safety rules and/or regulations to be followed by the employees to ensure customer safety in Defendants stores. This includes any training films and or videotapes used by Defendant concerning customer slips and/or falls.

## REQUEST FOR ADMISSIONS

1. Admit that on November 26, 2019 Wal-Mart Associates, Inc d/b/a Wal-Mart Neighborhood Market was in control of the Wal-Mart Neighborhood Market including but not limited to the parking lots and walkways of the premises located at 1006 N Bryan Road, Mission, Hidalgo County, Texas 78572.

2. Admit that Defendant Wal-Mart Associates, Inc d/b/a Wal-Mart Neighborhood Market did not delegate or ask any other company, entity, or person, other than Defendant Wal-Mart Associates, Inc d/b/a Wal-Mart Neighborhood Market's employees, to monitor walkways, parking lots or sidewalks on the premises on November 26, 2019.

3. Admit that the Defendant Wal-Mart Associates, Inc d/b/a Wal-Mart Neighborhood Market did not ask any of its agents or employees, to remove any curbs located in the center of its parking lot floor on its premises or about November 25, 2019.

4. Admit that the Defendant Wal-Mart Associates, Inc d/b/a Wal-Mart Neighborhood Market did not ask any of its agents or employees, to remove any curbs located in the center of its parking lot floor on its premises or about November 26, 2019.

5. Admit that the Defendant Wal-Mart Associates, Inc d/b/a Wal-Mart Neighborhood Market did not ask any of its agents or employees, to monitor any curbs located in the center of its parking lot floor on its premises or about November 25, 2019

Case 7:21-cv-00086   Document 1-2   Filed on 03/08/21 in TXSD   Page 18 of 19

Electronically Submitted
10/17/2020 9:59 AM
Hidalgo County Clerk
Accepted by: Daniela Blanco

CL-20-4222-H

6. Admit that the Defendant Wal-Mart Associates, Inc d/b/a Wal-Mart Neighborhood Market did not ask any of its agents or employees, to monitor any curbs located in the center of its parking lot floor on its premises or about November 26, 2019.

7. Admit that the Defendant Wal-Mart Associates, Inc d/b/a Wal-Mart Neighborhood Market did not ask any of its agents or employees, to cover up or remove any curbs located in the center of its parking lot floor on its premises or about November 25, 2019.

8. Admit that the Wal-Mart Associates, Inc d/b/a Wal-Mart Neighborhood Market did not ask any of its agents or employees, to cover up or remove any curbs located in the center of its parking lot floor on its premises or about November 26, 2019.

9. Admit that the Defendant Wal-Mart Associates, Inc d/b/a Wal-Mart Neighborhood Market did not ask any of its agents or employees, to warn people about any curbs located in the center of its parking lot floor on its premises or about November 25, 2019.

10. Admit that the Defendant Wal-Mart Associates, Inc d/b/a Wal-Mart Neighborhood Market did not ask any of its agents or employees, to warn people about any curbs located in the center of its parking lot floor on its premises or about November 26, 2019.

11. Admit that no employee of Wal-Mart Associates, Inc d/b/a Wal-Mart Neighborhood Market covered up the area where Plaintiff fell with the curbs in question, located in the center of its parking lot floor on its premises at any time prior to Plaintiff's fall on November 26, 2019.

12. Admit that no employee of Wal-Mart Associates, Inc d/b/a Wal-Mart Neighborhood Market attempted to remove the curb in question located in the center of its parking lot floor on its premises at any time from the area where Plaintiff fell on November 26, 2019.

## JURY DEMAND

Pursuant to Texas Rule of Civil Procedure 216, Plaintiff requests a trial by jury and would show that the appropriate fee is paid contemporaneously with the filing of this Petition.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Lazaro Mendiola respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, excluding interest, and as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Case 7:21-cv-00086 Document 1-2 Filed on 03/08/21 in TXSD Page 19 of 19

Electronically Submitted
11/17/2020 9:59 AM
Hidalgo County Clerk
Accepted by: Daniela Blanco

CL-20-4222-H

Respectfully submitted,

**LAW OFFICE OF CHRIS SANCHEZ, P.C.**
104 S 23rd Street
McAllen, Texas 78501
Phone: (956) 686-4357
Fax: (956) 686-4362

By: _____
Chris Sanchez
Texas State Bar Number 24084520
Email: LawOfficeOfChrisSanchez@gmail.com
*Attorney for Plaintiff*

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**